**SEALED BY ORDER OF THE COURT**

BRIAN J. STRETCH (CABN 163973)
Acting United States Attorney

ALEX G. TSE (CABN 152348)
Chief, Civil Division

STEVEN J. SALTIEL (CSBN 202292)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6996
    FAX: (415) 436-6748
    steven.saltiel@usdoj.gov

Attorneys for the United States of America

*RECEIVED JAN - 4 2016 SUSAN Y. SOONG, CLERK, U.S. DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA, OAKLAND*

*FILED JAN 05 2016 SUSAN Y. SOONG, CLERK, U.S. DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA, OAKLAND*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| U.S. ex rel. LYNITTE DOWER,<br><br>    Plaintiff,<br><br>v.<br><br>BITMICRO NETWORKS, INC., et al.,<br><br>    Defendants. | **STIPULATION AND REQUEST FOR ENLARGEMENT OF TIME TO ELECT OR DECLINE TO INTERVENE; [~~PROPOSED~~] ORDER**<br><br>**FILED UNDER SEAL**<br><br>Case No. CV 15-03979 JSW |

    The United States of America, and Lynitte Dower, as Relator, through their undersigned counsel, hereby stipulate and request that the Court enlarge until July 6, 2016 the period during which the United States may elect to intervene in the above-captioned False Claims Act (FCA) *qui tam* action or to notify the Court that it declines to do so, and during which the complaint and other filings shall remain under seal.

    1. This application is being filed *ex parte* pursuant to Civil L.R. 7-10 and the Federal FCA, 31 U.S.C. §§ 3729-3733, and is not being served on Defendant because the matter currently remains under seal pursuant to the FCA and order of this Court. This filing is being served on the Relator.

    2. This action was filed on August 31, 2015 under the *qui tam* provisions of the Federal FCA.

STIPULATION AND [~~PROPOSED~~ ORDER]
CV 15-03979 JSW

*COPIES MAILED TO SUBMITTING COUNSEL*

Among other things, these provisions authorize private parties (known as relators) to file lawsuits alleging FCA violations on behalf of the United States. 31 U.S.C. § 3730(b).

3. In this action, Relator alleges that Defendants, a supplier of removable data storage devices, submitted false claims to the U.S. Department of Defense by falsely certifying that it complied with the International Traffic in Arms Regulations ("ITAR").

4. Under 31 U.S.C. § 3730(b)(2), a *qui tam* complaint shall remain under seal for 60 days and shall not be served on the defendant until the court so orders. Before a *qui tam* complaint is unsealed and served upon the defendant, the United States must elect whether it will intervene in and assume prosecution of the action or, instead, elect to decline intervention and permit the relator to carry on with the action on behalf of the government. 31 U.S.C. § 3730(b)(4). The *qui tam* provisions of the Federal FCA expressly contemplate that motions for extensions of the 60-day period will be permitted upon a showing of "good cause." 31 U.S.C. §§ 3730(b)(2) & (3).

5. Relator completed service of the Complaint and her written disclosure of material evidence on the United States on or about November 4, 2015. Therefore, the initial 60-day period expires on January 4, 2016.

6. The United States has begun diligently investigating this case, but needs more time to organize and conduct a thorough investigation in order to make an informed decision on intervention. The Government has been able to identify one Department of Defense contract for which the Defendants are a supplier. Because Defendants are a lower tier subcontractor, it has been difficult to identify all contracts affected by the alleged conduct. The Government is in the process of gathering and reviewing relevant information and documents regarding the contract identified, and reviewing the materials provided by Relator. The Government anticipates obtaining records from the Defendant and other parties, and interviewing Relator, in the coming months. Thereafter, the Government will determine a plan for further investigation, if appropriate. Such a plan may include subpoenas of documents and interviewing relevant witnesses.

7. Accordingly, the government seeks a six-month extension of the seal and intervention deadlines in the present case until July 6, 2016. During the extension period, if granted, the Government will continue to diligently investigate Relator's allegations.

STIPULATION AND [~~PROPOSED~~] ORDER]
CV 15-03979 JSW

COPIES MAILED TO SUBMITTING COUNSEL

8. Finally, we request that the Court vacate any case management dates until after the United States has made its intervention decision. A status conference is scheduled in this case for February 16, 2016 at 11:00 a.m. Pursuant to the FCA, the Defendants are not served until after the United States has made its intervention decision and the seal has been lifted. 31 U.S.C. § 3730(b)(2). Accordingly, it would not be practical to hold a status conference or other case management-related activities until after the intervention decision is made and the seal is lifted.

DATED: January 4, 2016

Respectfully submitted,

BRIAN J. STRETCH
Acting United States Attorney

_____
STEVEN J. SALTIEL
Assistant United States Attorney

DATED: January 4, 2016

THE EMPLOYMENT LAW GROUP, P.C.

*Please see attached*
_____
DAVID SCHER
Attorneys for Relator

[PROPOSED] ORDER

IT IS HEREBY ORDERED THAT:

1. The United States shall have up to and including July 6, 2016, to inform this Court of its decision whether to intervene in this matter.

2. The February 16, 2016 status conference is hereby vacated. Case management dates will be set after the United States' intervention decision is made and the seal is lifted; and

3. All pleadings and other documents filed in this action shall remain under seal until further order of this Court.

IT IS SO ORDERED.

Dated: _____

_____
HON. JEFFREY S. WHITE
United States District Judge

STIPULATION AND [PROPOSED] ORDER]
CV 15-03979 JSW

COPIES MAILED TO SUBMITTING COUNSEL

8. Finally, we request that the Court vacate any case management dates until after the United States has made its intervention decision. A status conference is scheduled in this case for February 16, 2016 at 11:00 a.m. Pursuant to the FCA, the Defendants are not served until after the United States has made its intervention decision and the seal has been lifted. 31 U.S.C. ' 3730(b)(2). Accordingly, it would not be practical to hold a status conference or other case management-related activities until after the intervention decision is made and the seal is lifted.

DATED: January 4, 2016

Respectfully submitted,

BRIAN J. STRETCH
Acting United States Attorney

_____
STEVEN J. SALTIEL
Assistant United States Attorney

DATED: January 4, 2016

THE EMPLOYMENT LAW GROUP, P.C.

_____
DAVID SCHER
Attorneys for Relator

[~~PROPOSED~~] ORDER

IT IS HEREBY ORDERED THAT:

1. The United States shall have up to and including July 6, 2016, to inform this Court of its decision whether to intervene in this matter.

2. The February 16, 2016 status conference is hereby vacated. Case management dates will be set after the United States= intervention decision is made and the seal is lifted; and

3. All pleadings and other documents filed in this action shall remain under seal until further order of this Court.

IT IS SO ORDERED.

Dated: January 5, 2016

_____
HON. JEFFREY S. WHITE
United States District Judge